CITY OF EVANSVILLE ET AL. *v.* KRAUSS LAUNDRY COMPANY

[No. 27,600. Filed October 28, 1941. Rehearing denied November 25, 1941.]

*Leo Warren, Morris Merrell, Forrest M. Condit,* and *Edwin C. Henning,* all of Evansville, for appellants.

*Edward A. Lorch, Wilbur F. Dassel,* and *Winfield K. Denton,* all of Evansville, for appellee.

RICHMAN, J.—Appellee says that appellants' brief is not in compliance with Rule 2-17 of this court (1940 Revision) so that no question is presented for our decision. Paragraph (f) of the rule reads:

"The briefs shall contain under the heading, 'Propositions and Authorities,' a copy of each assigned error relied on, designated by number as in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the causes relied upon shall be numbered as in the motion. Each assignment shall be supported by separately numbered propositions, concisely stating the basis of the objection to the ruling complained of. Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof. Assigned error which is not set out in this part of the brief and supported by propositions, points, and authorities will not be considered. . . ."

In appellants' brief under a heading "Points and Authorities" this language appears: "The trial court erred in granting the temporary injunction." The assignment of error is referred to in general terms in that part of the brief entitled "The Errors Relied upon for Reversal" but is not set out verbatim anywhere in the brief. Assuming that this is a true copy thereof there is compliance with that part of the rule requiring "a copy of each assigned error."

Immediately following the language quoted from the brief, are five separately numbered statements of law each supported by citation of authorities. The fifth is a fair example, reading:

"In order for plaintiff to secure a temporary injunction, it must show: (1) that it has no adequate legal remedy; (2) that it will be irreparably damaged; (3) that it is not guilty of laches, and (4) that it will probably be successful in its cause of action."

This summarizes the entire contents of that part of appellants' brief which under our rule should be headed "Propositions and Authorities," not "Points and Authorities."

We may overlook the erroneous heading but cannot ignore the fact that the brief contains no "numbered propositions, concisely stating the basis of the objection to the ruling complained of." All that we glean from this essential part of the brief is that upon some undisclosed ground appellants claim that the court's ruling was erroneous. It is unnecessary for us to point out numerous hypotheses which would make such a ruling erroneous. If the basis of the objection be some one or more of the reasons stated in appellants' point 5, or some other reason, then the brief should contain a proposition or propositions concisely stating such basis. Without any proposition we are not able to say whether the abstract "statements of rules of law" are "applicable thereto." For the above reasons the assigned error "will not be considered." Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 1.